**IN THE SUPERIOR COURT OF GUAM**

PEOPLE OF GUAM,

v.

KOOL JAY KASELEL
(*aka* COOL JAY)
(*aka* COOL JAY KASELEL)
(*aka* COLJAY KASELEL),
DOB: 07/27/1989

        Defendant.

Criminal Case No. CF0395-21
GPD Report Nos. 21-19432

**DECISION AND ORDER
GRANTING
THE PEOPLE'S MOTION
TO REVOKE PROBATION**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on August 1, 2025 for a Revocation Hearing in the above-captioned matter related to Kool Jay Kaselel's (*aka* Cool Jay's) (*aka* Cool Jay Kaselel's) (*aka* Coljay Kaselel's) ("Defendant's") failure to abide by his probationary terms. Defendant was represented by Alternate Public Defender Leonardo Rapadas. The People of Guam were represented by Assistant Attorney General Lucas Wood. Having duly considered the Parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order Revoking Defendant's Probation.

## BACKGROUND

On August 8, 2024, Defendant was adjudged guilty of Family Violence (as a Misdemeanor) after failing to complete the terms of his deferred plea agreement. See Judgment of Conviction (Sep. 23, 2024). A judgment was entered imposing the following relevant conditions of probation:

- **MANDATORY REPORTING:** Defendant shall report to the Adult Probation Office once a month in person, or as ordered by the Court or the Probation Office.

- **COUNSELING/TREATMENT:** Defendant shall report to Client Services and Family Counseling (CSFC) with the Superior Court of Guam for intake and

Decision and Order Revoking Defendant's Probation
CF0395-21, *People of Guam v. Kool Jay Kaselel*
Page 1 of 5

assessment. Defendant shall follow all treatment recommendations including psychological evaluation, psychiatric evaluation, drug and alcohol evaluation, and individual, group, and family counseling.

- **COUNSELING/TREATMENT:** Defendant shall undergo and successfully complete the anger and stress management program.

- **FINE:** Defendant shall pay a fine of one thousand dollars ($1,000.00) plus court costs of eighty dollars ($80.00). All or part of the fine imposed may be converted to community service at the current prevailing minimum wage.

- **COMMUNITY SERVICE:** Defendant shall complete seventy-five (75) hours of community service under the direction of the Adult Probation Office. All or part of the community service imposed may be converted into a fine at the current prevailing minimum wage.

- **COURT ORDERS:** Defendant shall comply with any court orders entered against Defendant, including orders of family court or any other local or federal court of competent jurisdiction.

Id.

On November 19, 2024, a Violation Report was filed indicating that Defendant had violated several terms of his probation. See Eight Violation Report (Nov. 19, 2024). The Court was informed that Defendant hadn't reported to the Adult Probation Office for over two (2) months, failed to complete his intake and assessment at CSFC, and failed to complete the Anger and Stress Management Program offered by the Alternative Sentencing Office (ASO). Id. It was also reported that Defendant hadn't made any progress on either paying off his fine or completing his required community service. Id.

On November 20, 2024, this matter came before the Court for Further Proceedings. However, Defendant was absent despite being summonsed to appear. See Summons (Oct. 1, 2024); Minute Entry (Nov. 20, 2024).

On December 11, 2024, the People filed their Motion to Revoke Defendant's Probation ("Motion"). The People base their request on Defendant's non-compliance with numerous probation

Decision and Order Revoking Defendant's Probation
CF0395-21, *People of Guam v. Kool Jay Kaselel*
Page 2 of 5

conditions. See Motion (Dec. 11, 2024). Opposing the Motion, Defendant claims he still has time to complete the terms of his probation if given another chance. See Opposition to Motion (Feb. 14, 2025).

On August 1, 2025, the Court held a Revocation Hearing and subsequently took the matter under advisement. See Minute Entry (August 1, 2025).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

See *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and

Decision and Order Revoking Defendant's Probation
CF0395-21, *People of Guam v. Kool Jay Kaselel*
Page **3** of **5**

to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant violated his probation conditions and that there is probable cause to support the violations. Defendant has failed to make any progress on paying off his fines and court costs or completing his community service. See Eight Violation Report (Nov. 19, 2024). Defendant also violated his counseling/treatment conditions, having failed to complete his intake/assessment at CSFC and the Anger and Stress Management Program at ASO. Id. Defendant also failed to regularly report to the Adult Probation Office and disobeyed this Court's orders by failing to appear at required court proceedings. Id.; Minute Entry (Nov. 20, 2024).

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, Defendant has exhausted the trust of the Court by violating numerous probationary conditions. The nature of these violations suggest Defendant was never serious about completing the terms of his probation. For example, Defendant has made zero progress on paying off his fines/court costs or completing his community service. Defendant even failed to complete his preliminary intake/assessment at CSFC. If Defendant is unwilling to attend even a preliminary meeting, he cannot be trusted to complete any long-term treatment recommendations CSFC may make. Defendant has also demonstrated his unwillingness to follow this Court's orders, suggesting he won't comply with future orders from this Court or the Adult Probation Office.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders.

Decision and Order Revoking Defendant's Probation
CF0395-21, *People of Guam v. Kool Jay Kaselel*
Page 4 of 5

Therefore, the Court finds that revocation is in the public's best interest and satisfies the ends of justice. <u>See</u> 9 GCA § 80.66(a)(2).

<u>**CONCLUSION**</u>

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matters. The Defendant is hereby **SENTENCED** to **one (1) year incarceration** at the Department of Corrections, Mangilao with credit for time served. After the completion of the Defendant's sentence the Court shall close the above-captioned case.

**IT IS SO ORDERED** this _____September 23, 2025_____

_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

OAG & PDSC
_____
Date: 9\23\25 Time: 4:15
Remita M. Lindlau
_____
Deputy Clerk, Superior Court of Guam

Decision and Order Revoking Defendant's Probation
CF0395-21, *People of Guam v. Kool Jay Kaselel*
Page **5** of **5**